REUBEN GENTRY *v.* E. D. WHITTAKER ET AL.

**Principal and Surety—Reimbursement of Surety.**

Where a surety was compelled to pay the secured debt, only part of the money furnished by the surety being secured, money paid to reimburse the surety should first be applied to the unsecured part thereof.

APPEAL FROM OWEN CIRCUIT COURT.

January 14, 1874.

RESPONSE BY JUDGE LINDSAY:

In this case, the surety has not been allowed to recover for a greater or different sum than that claimed in his petition. He paid, as surety for Whittaker, $2,200. To raise $1,200 of this sum the mortgage was executed; being compelled to take up the mortgage debt, he, in conjunction with the mortgages, sued to foreclose it. Appellees pleaded payment, and in attempting to support their pleas, the proof makes it appear that the entire debt due from Whittaker to Gentry is $2,200. For one thousand of this amount he had no security. This court, as an act of justice to him, holds that the proceeds on the release of the land Garnett allowed to be sold,

should first be applied to the payment of this unsecured $1,000, and their remainder credited on the mortgage debt.

The mortgage has never been released nor the mortgage debt extinguished, and the mortgagees are asking that it be foreclosed for the benefit of Gentry. There is no legal reason why he should be denied the relief sought.

Petition overruled.

———, *for appellant.*

*Drane, for appellees.*